The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an unemployed, 37 year-old male who completed the tenth grade, but obtained a military GED during his four years in the Navy where he was an ordinance mechanic on an aircraft carrier. He is a certified Heliarch welder and has primarily worked either as a Heliarch welder for different sign companies or as a metal mechanic for drywall contractors.
2. In January of 1994 plaintiff became employed in the latter capacity by defendant Acousti Engineering Company, which was involved in building a mezzanine at Miles Laboratories to be used as a storage area not only requiring him to lift and carry metal studs as well as 4 x 8 and 4 x 12 foot sheets of sheetrock weighing up to 120 pounds, but bending, which he can no longer do because of the back injury sustained on the February 28, 1994 date in question.
3. Based on his $11.50 hourly rate and a 40 hour normal work week, plaintiff earned an average weekly wage of $460.00 working as a metal mechanic for defendant-employer.
4. Near the end of the workday on February 28, 1994 plaintiff was involved in hanging the 4 x 8 foot piece of sheetrock that covered the doorway leading into the large storage room under construction at Miles Laboratories, that (the doorway) was subsequently cut in the same piece of sheetrock by saw, which required him to work in a narrow corridor or hallway outside the storage room. Because there was a sheetrock cart in his way in the narrow corridor, in order to be able to hang the last piece of sheetrock over the contemplated doorway plaintiff had to lift it up over his head from one side of the body to the other. In the process of lifting the approximate 80 pound piece of sheetrock plaintiff developed low back pain, which subsequently radiated into his right leg and thereby a specific traumatic incident resulting in the disabling and otherwise compensable back injury for which compensation is claimed when he sustained a herniated disc at the L5-S1 level of his lumbosacral spine.
5. Although he was able to complete the workday; by the following day plaintiff's pain had become incapacitating and had radiated into his left testicle. Plaintiff assumed the testicular pain might somehow be related to the vasectomy he had undergone in 1987 and returned to the urologist, Dr. Richard Kane, that had performed the same surgery with a history of having developed back pain and then left scrotal pain after lifting heavy sheetrock on February 28, 1994. Because plaintiff's left sided scrotal pain was referred pain from the hereinafter described lumbar disc herniation sustained lifting the heavy piece of sheetrock on February 28, 1994 Dr. Kane prescribed bedrest and medication for his back pain and recommended that he follow-up with another physician for these same symptoms.
6. After seeing Dr. Kane, plaintiff reported the involved back injury to defendant-employer, which arranged for him to be seen by one of its physicians, Dr. Paul L. Burroughs, Jr., an orthopedic surgeon associated with the Bone and Joint Surgery Clinic; however, his initial appointment there was not scheduled until a month later on March 31, 1994.
7. In the interim on March 24, 1994 plaintiff fell eight to nine feet off a wall at a dam of a lake near his home landing flat-footed requiring him to be seen at the Emergency Room at Wake Memorial Hospital the next day for his resulting ankle sprains. Plaintiff, however, did not sustain the disabling lumbar disc herniation for which compensation is claimed when he fell off the same wall; but rather, earlier did so lifting the heavy piece of sheetrock on February 28, 1994 under the circumstances already described.
8. As previously stated, upon defendant-employer's referral plaintiff came under the care of Dr. Paul L. Burroughs, Jr., on March 31, 1994 for his resulting disabling back injury, who initially attempted the same type of conservative treatment that Dr. Kane had already initiated. When his condition did not improve with conservative treatment and he continued to experience intractable incapacitating back and leg pain Dr. Burroughs had a diagnostic MRI done showing the lumbar disc herniation sustained lifting the heavy piece of sheetrock on February 28, 1994 and as a result scheduled him for corrective surgery in May of that year. The scheduled surgery, however, had to be canceled after defendant-employer, which had initially accepted liability and had sent plaintiff two checks for workers' compensation benefits without an Industrial Commission Award having been entered, subsequently elected to deny liability and on October 27, 1994 sent plaintiff a letter to that effect.
9. Since his surgery was canceled in May of 1994 plaintiff continues to experience intractable incapacitating, back and leg pain from his February 28, 1994 back injury and as a result thereof has remained unable to return to his regular metal mechanics job for defendant-employer or other work similarly requiring lifting or bending. Because almost nine months have elapsed since his recommended surgery had to be canceled, a determination as to whether plaintiff still requires surgery cannot be made until he is re-evaluated by Dr. Burroughs nor is there any evidence that plaintiff has reached maximum medical improvement and/or the end of the healing period from and following his February 28, 1994 back injury such that he is medically able to return to work — even light work.
10. Had his scheduled back surgery not been canceled plaintiff would have been totally incapacitated from returning to any type of work — even light work, for some period of time while recovering from surgery and prior to the scheduled hearing date had neither been able to return to his regular metal mechanics job because of the lifting and bending involved nor had Dr. Burroughs released him to return to any type of lighter work; but rather, plaintiff had remained incapacitated by the intractable back and leg pain from his February 28, 1994 back injury since Dr. Kane had originally taken him out of work on March 1, 1994.
11. Although the day prior to defendant-carrier sending plaintiff its denial letter of April 27, 1994 defendant-employer sent plaintiff a letter offering him light duty work; plaintiff justifiably refused to accept the job offer for the following reasons:
In the first place, when defendant-employer made the job offer it had never contacted plaintiff's treating physician to determine his medical condition nor had any idea about what that medical condition was, and in particularly, whether plaintiff was even capable of light duty work; but rather, routinely sent out such letters to its injured employees.
In the second place, Dr. Burroughs had never released plaintiff to return to any type of light duty work nor is there any evidence that he was capable of light duty work when defendant-employer had offered it; but rather, was continuing to experience intractable incapacitating back and leg pain despite undergoing conservative treatment such that Dr. Burroughs shortly thereafter scheduled him for the corrective surgery that had to be canceled because of defendant-carrier's denial of the involved claim and had plaintiff undergone it he would have been totally incapacitated for some period of time while recovering from back surgery.
In the third place, even assuming arguendo that plaintiff was capable of light duty work involving no bending or lifting up until the time he was scheduled to undergo corrective back surgery; the layout job offered by defendant-employer was not a suitable one because it required the type of bending he was no longer capable of and defendant-employer has otherwise failed in its burden of establishing a particular suitable job was available on the premises that did not require lifting or bending and that the same job was ever offered to plaintiff.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 28, 1994 plaintiff sustained an injury by accident arising out of and in the course of his employment and as a result thereof has remained totally disabled since March 1, 1994 entitling him to compensation at a rate of $306.68 per week from March 1, 1994 to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled, subject to defendant-carrier being entitled to a credit for the workers' compensation benefits paid prior to its determination to deny liability herein. G.S. 97-2(6); G.S.97-29.
2. For the reasons stated in the above Findings of Fact plaintiff justifiably refused to accept the light duty work offered him by defendant-employer. G.S. 97-32.
3. To the extent the same was reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendants are obligated to pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto, including as part thereof the corrective surgery previously recommended by Dr. Burroughs to the extent that plaintiff still requires the same surgery upon being re-evaluated by Dr. Burroughs. G.S. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his continuing total disability, compensation at a rate of $306.68 per week from March 1, 1994 to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled. Such compensation having accrued the same shall by paid in lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved and a credit for the compensation benefits defendant-carrier paid prior to its determination to deny liability herein.
2. A reasonable attorney fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto. For the balance of his fee defendant-carrier shall forward every fourth compensation check payable hereunder directly to plaintiff's counsel.
3. To the extent the same are reasonable designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the February 28, 1994 back injury giving rise hereto, including as part thereof, the corrective surgery previously recommended by Dr. Burroughs to the extent he still recommends it upon re-evaluating plaintiff, when bills for the same are submitted on proper forms, through defendant-carrier, to the Industrial Commission for approval and are approved by the Commission.
4. Defendants shall bear the costs, including as part thereof the $300.00 and $100.00 expert witness fees previously respectively awarded Drs. Burroughs and Kane for their deposition testimony to the extent the same have not already been paid.
 S/ _____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/CNP/tmd 5/5/95